IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICK DAVIS, | ) | |
| | ) | CIVIL ACTION NO. 3:17-cv-174 |
| Plaintiff, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| JANET PEARSON and D.L. NAJI, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM ORDER

This matter is before Magistrate Judge Keith A. Pesto for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. Section 636, and Local Civil Rule 72.

On March 25, 2022, Plaintiff Patrick Davis ("Mr. Davis") filed an Amended Complaint. (ECF No. 58). On June 7, 2022, Defendant Dr. Muhammed Naji filed a Motion to Dismiss Mr. Davis's Amended Complaint. (ECF No. 65). On June 27, 2022, Mr. Davis filed a Response in Opposition to Dr. Naji's Motion to Dismiss. (ECF No. 68).

On September 13, 2022, the Magistrate Judge filed a Report and Recommendation, (ECF No. 73), recommending that the Court deny Dr. Naji's Motion to Dismiss. (*Id.* at 1). In making this recommendation, the Magistrate Judge: (1) noted that the Third Circuit has already found that Mr. Davis's initial Complaint states a claim against all defendants and (2) held that Mr. Davis's Amended Complaint states a claim against Dr. Naji under the Eighth Amendment. (*Id.*).

The Magistrate Judge also notified the parties that they could submit objections to the Report and Recommendation within fourteen days. (*Id.* at 1–2). Finally, the Magistrate Judge

1

informed the parties that in the "absence of timely and specific objections, any appeal would be severely hampered or entirely defaulted." (*Id.* at 2).

Dr. Naji has not filed objections to the Report and Recommendation, and the deadline for doing so has passed.

Therefore, upon review of the Record and the Report and Recommendation under the applicable "reasoned consideration" standard, *see EEOC v. City of Long Branch*, 866 F.3d 93, 99–100 (3d Cir. 2017) (stating the standard of review when no timely and specific objections are filed), and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of the Magistrate Judge in this matter.[1] Accordingly, the following order is entered:

---

[1] The Court notes that in Dr. Naji's Brief in Support of his Motion to Dismiss, he argues that Mr. Davis should not "be permitted to seek attorney's fees in this action when he is being represented by *pro bono* counsel." (ECF No. 66 at 12). Dr. Naji further states that the Third Circuit appointed counsel to represent Mr. Davis "'without compensation pursuant to 28 U.S.C. 1915(e)(1).'" (*Id.* at 13) (quoting ECF No. 65-2).

The Magistrate Judge did not directly address this issue in his Report and Recommendation. (*See* ECF No. 73). However, as Mr. Davis correctly notes, his "representation by *pro bono* counsel in this case … has no bearing on his ability to seek attorney's fees." (ECF No. 68 at 9).

Indeed, as a general matter, "abundant authority exists that supports the principle that the status of counsel's representation has no [e]ffect on the appropriateness of an award of attorney's fees." *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 522 (D.N.J. 2008); *see also Shadis v. Beal*, 685 F.2d 824, 826, 830 (3d Cir. 1982) ("It is well settled that congress intended legal service programs, like private attorneys, to receive fees under [42 U.S.C. Section 1988]. Courts have awarded attorney's fees without regard to plaintiffs' ability to pay for counsel or the availability of free legal counsel.").

Further, Mr. Davis was an inmate at the time he filed his Complaint. (*See* ECF Nos. 1, 48-2). Therefore, Section 1997e(d) of the Prison Litigation Reform Act ("PLRA") applies to any potential award of attorney's fees in this case. 42 U.S.C. § 1997e(d); *Parker v. Conway*, 581 F.3d 198, 200–01 (3d Cir. 2009) (noting that 42 U.S.C. Section 1988(b) governs "an attorney's fee award made to a prevailing civil rights plaintiff who was not incarcerated at the time he filed suit," but if an individual is an inmate at the time he files suit, a motion for attorney's fees implicates the PLRA). And the Third Circuit has affirmed an award of attorney's fees to an inmate who had counsel that was appointed to represent him. *Parker*, 581 F.3d at 200–01 (noting that the District Court appointed counsel to represent the inmate-plaintiff, further noting that the District Court awarded the inmate-plaintiff attorney's fees, and affirming that award).

**AND NOW**, this 17th day of October, 2022, **IT IS HEREBY ORDERED** that Dr. Naji's Motion to Dismiss (ECF No. 65) is **DENIED**. The Court adopts the Report and Recommendation (ECF No. 73) as the opinion of this Court.

BY THE COURT:

_____
**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**

---

In short, the Court finds that the Third Circuit's Order appointing counsel for Mr. Davis (ECF No. 65-2) indicates that the Third Circuit was simply appointing counsel to represent Mr. Davis without any cost to him. Nothing in the Third Circuit's order alters the fact that Mr. Davis may seek attorney's fees in this case, subject to the provisions of the PLRA and any other relevant legal principles. Therefore, to the extent that Dr. Naji seeks to dismiss Mr. Davis's claim for attorney's fees because Mr. Davis is represented by *pro bono* counsel, the Court will deny Dr. Naji's Motion.